WO

MH

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Phillip T. Charleston,

No.   CV 20-00878-PHX-JAT (ESW)

Petitioner,

v.

**ORDER**

William W. Lothrop,

Respondent.

On May 4, 2020, Petitioner Phillip T. Charleston, who is confined in the Federal Correctional Institution-Phoenix, filed a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) and supporting Memorandum of Law (Doc. 2).  In a May 11, 2020 Order, the Court gave Petitioner 30 days to either pay the $5.00 filing fee or file an in forma pauperis application.  Petitioner paid the filing fee the same day.[1]  The Court will dismiss the Petition and this action.

**I.      Petition**

In his Petition, Petitioner names William W. Lothrop as Respondent.  Petitioner raises one ground for relief, claiming that the Federal Bureau of Prisons (BOP) is "executing an addition[al] 84 months for Count 2 which has been dismiss[ed] from [his] indictment since 8/29/2001."  Petitioner also refers the Court to his Memorandum of Law,

---

[1] Petitioner has also filed a Notice addressing the (brief) delay between his filing of the Petition and his payment of the filing fee.  The Court takes no action with respect to this Notice.

pdf

1   in which he argues that the sentencing court violated his Fifth Amendment rights by

2   amending the indictment without resubmitting it to the grand jury.

3   **II.      Execution of Petitioner's Sentence**

4          A district court may summarily dismiss a habeas corpus petition "[i]f it plainly

5   appears from the petition and any attached exhibits that the petitioner is not entitled to relief

6   in the district court."  Rule 4, foll. 28 U.S.C. § 2254.[2]  *See also McFarland v. Scott*, 512

7   U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas

8   petition that appears legally insufficient on its face . . . ."); *Clayton v. Biter*, 868 F.3d 840,

9   845 (9th Cir. 2017) ("District courts adjudicating habeas corpus petitions under § 2254 are

10  instructed to summarily dismiss claims that are clearly not cognizable."); *Gutierrez v.*

11  *Griggs*, 695 F.2d 1195, 1198 (9th Cir. 1983) (Rule 4 "explicitly allows a district court to

12  dismiss summarily the petition on the merits when no claim for relief is stated").

13         The documents attached to the Petition clearly demonstrate that Petitioner is not

14  entitled to relief based on his claim that the BOP is improperly executing his sentence.

15  According to the sentencing court's electronic docket (a copy of which is attached to the

16  Petition), count two of Petitioner's indictment was dismissed on the government's motion

17  on August 29, 2001, but was reinstated six days later after the government learned that it

18  had inadvertently requested dismissal of the wrong count.  (Doc. 1-2 at 9); *United States v.*

19  *Charleston*, CR 01-00048-JTM-1 (N.D. Ind.), Docs. 29, 35.  The court's minute entry for

20  September 4, 2001, the date on which count two was reinstated, reads as follows:

21              MINUTES: Jury Trial (First Day) hld on 9/4/01 before Judge
22              Rudy Lozano. Govt is present by Gary Bell, AUSA. Deft is
             present in custody and with cnsl William Enslen. Court will
23              address issue of voluntariness at the conclude of day. Ptys mot
24              for separation of witness is granted. Prospective jurors sworn

25

26         [2] The Rules Governing Section 2254 Cases in the United States District Courts may
    be applied to habeas corpus proceedings under § 2241.  *See* Rule 1(b), foll. 28 U.S.C.
    § 2254; *Bostic v. Carlson*, 884 F.2d 1267, 1269-70 (9th Cir. 1989) (affirming dismissal of
27  a § 2241 petition under § 2254 Rules 1(b) and (4)), *overruled on other grounds by Nettles
    v. Grounds*, 830 F.3d 922, 931 (9th Cir. 2016); *Lane v. Feather*, 584 F. App'x 843, 843
28  (9th Cir. 2014) (citing Rule 1(b) and stating that district court did not err in applying Rule
    4 of the Rules Governing Section 2254 Cases to a § 2241 petition).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

> voir dire. Jury panel selected, examined, accepted & sworn to try cause. Remaining prospective jurors discharged. **Govt request leave of Court to dismiss count 3 by inter-lineation instead of count two which was previously dismissed. Mot granted dismissing counts as to Phillip T Charleston (1) count(s) Pursuant to Rule 48(a) of the FRCP , Phillip T Charleston (1) count(s) 3**. Opening statements presented by Govt, deft waives opening stmts. Govt begins presentation of evidence, does not conclude. Jury is excused. Court is adjourned until Wednesday, 9/5/01 at 8:30. Deft remanded. Julie Churchill, Court Reporter (imr) (Entered: 09/07/2001)

*Id.*, Doc. 35 (emphasis added).  The docket also reflects that Petitioner was convicted by a jury on September 6, 2001 of violating counts one, **two**, four, five, and six of the indictment.  *Id*., Doc. 39.   On September 26, 2002, he was sentenced to multiple consecutive and concurrent terms of imprisonment, **including a consecutive term of 84 months on count two**.  *Id.*, Doc. 69.  Petitioner's first motion to vacate his sentence pursuant to 28 U.S.C. § 2255 was denied on January 9, 2006, *id.*, Doc. 111, and several subsequent motions were denied as second or successive.  *Id.*, Docs. 211 (denying successive §2255 motion and describing Petitioner's multiple attempts to obtain post-conviction relief following his failed 2255 petition); 243 (denying successive § 2255 motion).   Thus, it is clear that Petitioner was indeed sentenced to an 84-month term of imprisonment on count two of the indictment and that he is not entitled to relief on his claim that the BOP is improperly executing his sentence.

**III.    Legality of Petitioner's Conviction and Sentence**

To the extent Petitioner intended to assert a Fifth Amendment challenge to his underlying conviction and sentence, the Court lacks jurisdiction over this claim.  A motion to vacate sentence pursuant to 28 U.S.C. § 2255 is generally the appropriate method for challenging a federally imposed conviction or sentence, including a challenge that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law."  28 U.S.C. § 2255(a); *Tripati v. Henman*, 843

1    F.2d 1160, 1162 (9th Cir. 1988).  A § 2241 petition for writ of habeas corpus is not a

2    substitute for a motion under § 2255.  *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979).

3           The Court will not consider a § 2241 petition by a prisoner authorized to apply for

4    § 2255 relief "if it appears that the applicant has failed to apply for relief, by motion, to the

5    court which sentenced him, or that such court has denied him relief, unless it also appears

6    that the remedy by motion is inadequate or ineffective to test the legality of his detention."

7    28 U.S.C. § 2255(e); *United States v. Pirro*, 104 F.3d 297, 299 (9th Cir. 1997).  This

8    exception is narrow.  *Ivy v. Pontesso*, 328 F.3d 1057, 1059 (9th Cir. 2003).

9           The § 2255 remedy **is not** inadequate or ineffective merely because the statute of

10   limitations bars Petitioner from filing a motion under § 2255, the sentencing court has

11   denied relief on the merits, or § 2255 prevents Petitioner from filing a second or successive

12   petition.  *See Ivy*, 328 F.3d at 1059; *Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir. 1999);

13   *Charles v. Chandler*, 180 F.3d 753, 758 (6th Cir. 1999); *Tripati*, 843 F.2d at 1162.  The

14   § 2255 remedy **is** inadequate or ineffective "when a petitioner (1) makes a claim of actual

15   innocence, and (2) has not had an unobstructed procedural shot at presenting that claim."

16   *Harrison v. Ollison*, 519 F.3d 952, 959 (9th Cir. 2008) (quoting *Stephens v. Herrera*, 464

17   F.3d 895, 898 (9th Cir. 2006)).  In determining whether a petitioner has had an unobstructed

18   procedural shot to pursue his claim, the court considers "(1) whether the legal basis for

19   petitioner's claim 'did not arise until after he had exhausted his direct appeal and first §

20   2255 motion;' and (2) whether the law changed 'in any way relevant' to petitioner's claim

21   after that first § 2255 motion."  *Harrison*, 519 F.3d at 960 (quoting *Ivy*, 328 F.3d at 1060-

22   61).  The burden of coming forward with evidence affirmatively showing the inadequacy

23   or ineffectiveness of the § 2255 remedy rests with the petitioner.  *McGhee*, 604 F.2d at 10;

24   *Redfield v. United States*, 315 F.2d 76, 83 (9th Cir. 1963).

25          Petitioner has failed to argue that he is actually innocent of the crime alleged in

26   count two, and he has not shown that he lacked an unobstructed procedural shot at

27   presenting his claim regarding the purportedly improper amendment of his indictment.

28   Accordingly, the Court lacks jurisdiction over this claim.

1    **IT IS ORDERED:**

2        (1)    Petitioner's Petition Under 28 U.S.C. § 2241 (Doc. 1) and this case are

3    **dismissed**.

4        (2)    The Clerk of Court must **enter judgment accordingly and close this case**.

5        (3)    Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, in the

6    event Petitioner files an appeal, the Court declines to issue a certificate of appealability for

7    his challenge to his underlying sentence because reasonable jurists would not find the

8    Court's procedural ruling debatable.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

9        Dated this 30th day of June, 2020.

10

11

12                                           _____

13                                                James A. Teilborg
                                            Senior United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28